UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JACKSON,

    Plaintiff,

v.

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

Case No. 13-CV-14219

HON. MARK A. GOLDSMITH

## ORDER OF DISMISSAL

This matter is before the Court following Plaintiff's response (Dkt. 6) to the Court's order to show cause. Proceeding pro se, Plaintiff originally filed a complaint against the State of Michigan and Michigan's Governor, Rick Snyder, for fraud. Compl. (Dkt. 1). Although the complaint contained fraud allegations and a demand of $20,610,000, Plaintiff failed to allege any case or controversy. The Court's order to show cause explained that the vagueness of the complaint and documents attached to it failed to invoke properly this Court's jurisdiction. See, e.g., Drake v. Perry, 149 F.3d 1182, at *1 (6th Cir. 1998) (Table) (holding that "claims which are so attenuated and unsubstantial as to be absolutely devoid of merit are of insufficient substance to support federal jurisdiction") (internal quotation marks and citations omitted).

The order to show cause also ordered Plaintiff either (i) to file a memorandum explaining why he believed there were no defects in his filing or (ii) to file an amended pleading curing the jurisdictional defects outlined in the order. Plaintiff filed a three-page amended pleading to the Court's order to show cause. This amended pleading states that Plaintiff "brings this claim for NEGLIGENCE, for the causation of Breach of Contract and Breach of the Duty of care owed by GOVERNOR RICK SNYDER." Pl.'s Resp. at 1 (Dkt. 6) (capitalization in original). Having

reviewed the entirety of the response, the Court concludes that Plaintiff fails to allege any case or controversy, nor any specific action taken by Snyder or the State of Michigan. Consequently, the Court has no jurisdiction where, as here, the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

Aside from the failure to set forth a cognizable case or controversy, the claims alleged, negligence and breach of contract, do not fall within the Court's subject-matter jurisdiction because no federal question is raised, see Willis v. Charter Tp. of Emmett, 360 F. App'x 596 (6th Cir. 2010) (affirming district court's grant of summary judgment on federal constitutional claim and remanding on negligence claim), nor is diversity jurisdiction alleged. Exact Software N. Am., Inc. v. DeMoisey, 718 F.3d 535, 541 (6th Cir. 2013) (explaining that for a court to have diversity jurisdiction, the parties must be citizens of different states and that the amount in controversy must be over $75,000).

Lacking subject-matter jurisdiction, the Court dismisses the action with prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

Dated: November 13, 2013                s/Mark A. Goldsmith
Flint, Michigan                         MARK A. GOLDSMITH
                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2013.

                                        s/Deborah J. Goltz
                                        DEBORAH J. GOLTZ
                                        Case Manager