UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JACKSON,

    Plaintiff,

v.

STATE OF MICHIGAN, et al.

    Defendants.
_____/

Case No. 13-CV-14219

HON. MARK A. GOLDSMITH

## ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT (Dkt. 11)

The matter before the Court is Plaintiff's "motion to supplement" (Dkt. 11).[1]  Proceeding pro se, Plaintiff originally filed a complaint against the State of Michigan and Michigan's Governor, Rick Snyder.  Compl. (Dkt. 1).  Although the complaint contained fraud allegations and a demand of $20,610,000, Plaintiff failed to allege any case or controversy.  The Court issued an order to show cause, explaining that the vagueness of the complaint failed to invoke this Court's jurisdiction.  10/10/2013 Order (Dkt. 3).  The order to show cause also ordered Plaintiff either (i) to file a memorandum explaining why he believed there were no defects in his filing or (ii) to file an amended pleading curing the jurisdictional defects outlined in the order. Id.  Plaintiff filed a three-page amended pleading to the Court's order to show cause.  Am.

---

[1] The full title of Plaintiff's document is as follows:

    Plaintiff's motion to supplement his motion to alter or amend the judgment, or in the alternative, for relief from final judgment pursuant to Fed. R. Civ. P. 60(b) based on improper jurisdiction asks Court to amend Debtor Richard Jackson ©, Organization, ens/legis trust who is a citizen incorporated in State of Washington and principal place of business in State of Michigan for entry into diversity jurisdiction (28 U.S.C. § 1332).

Pl. Mot. (Dkt. 11) (capitalization modified).

Compl. (Dkt. 6). This amended pleading also failed to invoke this Court's jurisdiction and the Court summarily dismissed the case with prejudice. 11/13/2013 Order (Dkt. 7).

Plaintiff then filed a document, which, although Plaintiff labeled it as a motion made pursuant to Federal Rule of Civil Procedure 59(e), the Court construed as a second amended complaint. See Dkt. 9 (demanding $20,610,000 in damages arising from alleged negligence committed by the State of Michigan or Governor Rick Snyder for the unauthorized use of Plaintiff's fictitious name in violation of the Uniform Commercial Code). The Court denied the motion for failing to meet the standards under Federal Rules of Civil Procedure 15, 59, and 60 and for the allegations being frivolous. 12/3/13 Order at 2-3 (Dkt. 10).

On December 16, 2013, Plaintiff then filed the instant motion to supplement. Before the Court ruled on the motion, Plaintiff filed an affidavit in support of his motion on January 13, 2014. Pl. Aff. (Dkt. 12). Plaintiff also appealed the Court's dismissal of his action on February 18, 2014. 2/18/14 Notice of Appeal (Dkt. 13).

After analyzing the motion, the Court determines that despite Plaintiff's appeal, the Court retains jurisdiction to rule on the motion and that the motion lacks merit. "As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir. 1993). District courts, however, may act under Federal Rule of Civil Procedure 62.1, which allows a court "to defer, deny or issue an indicative ruling when an appeal is docketed and pending." Green v. Bank of Am. Corp., 530 F. App'x 426, 429 n.2 (6th Cir. 2013); see also Fed. R. Civ. P. 62.1, 2009 Committee Notes ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the

court of appeals remands for that purpose or state that the motion raises a substantial issue."). Because Plaintiff filed a notice of appeal before the Court has ruled on the instant motion, the Court proceeds under Rule 62.1 to deny the motion for the reasons that follow.

The Court construes Plaintiff's motion as a 60(b)(2) motion, wherein Plaintiff asserts that he has "newly discovered evidence." Pl. Mot. at 5. Plaintiff essentially repeats the same allegations as he asserted in his previously denied motion to amend, but attempts to establish that diversity jurisdiction exists by attaching to his motion Uniform Commercial Code financing statements and a document apparently from the Washington State Department of Licensing.[2] The Court rejects this attempt to fabricate jurisdiction and concludes that Plaintiffs' arguments are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see also Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), aff'd 41 F.3d 1500 (2nd Cir. 1994) ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense.").

Accordingly, the Court denies Plaintiff's motion to supplement (Dkt. 11).

---

[2] Notably, Plaintiff already attached these documents in previous filings. Plaintiff attached the financing statements to his complaint, see cm/ecf Pg ID 33-36 (Dkt. 1), and the document purportedly from the Washington State Department of Licensing to his second amended complaint. See cm/ecf Pg ID 82 (Dkt. 9). Although not quite clear, Plaintiff appears to argue that the Court erred by dismissing his case because diversity jurisdiction exists. Plaintiff states he is the "authorized representative" of an entity named "Richard Jackson ©, ORGANIZATION, an ENS LEGIS/TRUST, with respect to UCC-1 Financing Statement." Pl. Mot. at 1 (Dkt. 11). Plaintiff further represents that this entity is a citizen of the State of Washington because it is "incorporated" there. Id. Plaintiff's affidavit also makes incomprehensible assertions, such as Plaintiff "is a flesh and blood man, and is sovereign in a collective capacity with other sovereigns," that Plaintiff's "rights exist even in light of the U.S. Bankruptcy aka [sic] The National Emergency and that includes the right of redemption," and that Plaintiff "filed a UCC Financing Statement (UCC-1) in Washington State, UCC Filing Number 2011-355-8141-3 on December 21, 2011, to perfect a security interest to initiate redemption as a matter of right." Pl. Aff. (Dkt. 12).

SO ORDERED.

Dated: March 11, 2014  　　　　　　　　　s/Mark A. Goldsmith  
　　　Flint, Michigan 　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2014.

　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz  
　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ  
　　　　　　　　　　　　　　　　　　　Case Manager